UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Ghigi 1870 S.p.A.<br>Via G. Falcone 188,<br>47832 loc. S. Andrea in Casale<br>Rimini (Italy)<br><br>      Petitioner,<br><br>v.<br><br>Ghigi Food Industries LLC<br>10521 Crestwood Drive #203<br>Manassas, Virginia 20109<br><br>      Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action. No. _____<br>)<br>)<br>)<br>)<br>)<br>) |

**PETITION FOR CONFIRMATION AND ENFORCEMENT
OF FOREIGN ARBITRAL AWARD**

Petitioner Ghigi 1870 S.p.A., by and through its attorneys, submits this Petition for Confirmation and Enforcement of Foreign Arbitral Award and alleges as follows:

**PRELIMINARY STATEMENT**

1. Petitioner petitions this Court for entry of a judgment confirming and enforcing a foreign arbitration award rendered in Milan, Italy pursuant to Chapter 2 of the Federal Arbitration Act (the "FAA") and the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, 21 U.S.T. 2517 (the "New York Convention").

**PARTIES**

2. Petitioner is a company organized under the laws of Italy.

3. Upon information and belief, Respondent is a limited liability company formed under the laws of the Commonwealth of Virginia.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this action pursuant to 9 U.S.C. § 203 and 28 U.S.C. § 1331, as this is a civil action seeking confirmation and enforcement of an award rendered in an arbitration falling under the New York Convention.

5. This Court has personal jurisdiction over Respondent, as it is a limited liability company organized under the laws of the Commonwealth of Virginia.

6. Venue is proper in this judicial district pursuant to 9 U.S.C. § 204 because the parties' arbitration agreement and the enforcement of the arbitration award fall under the terms of the New York Convention, and a proceeding relating to the parties' dispute could have been brought in this Court if not for the parties' agreement to arbitrate.

## FACTS

7. On October 18, 2011, the parties entered into an International Distribution Agreement ("Agreement"). A true and correct copy of the Agreement is attached hereto as Exhibit A. A certified English translation of the Agreement is attached as Exhibit B.

8. Petitioner is a producer and distributor of Italian foods. In the Agreement, Petitioner granted Respondent the exclusive right to sell and distribute its food products under the "Ghigi" brand in the United States.

9. Between April and October 2019, Petitioner regularly delivered the food products and issued corresponding invoices to Respondent. However, despite numerous payment reminders, Respondent was in default of its obligation to pay the amount of EUR 1,133,302.01.

10. Agreement Section 3.7 provides for interest on overdue payments: "In the event of delay or non-payment by the Licensee, the provisions of Legislative Decree no. 231 of October 9, 2002 apply, so the Licensor, without the need for notice of default, is entitled to payment by the

Licensee of the default interest referred to in Art. 5 of the aforementioned law, in addition to compensation for damages." Legislative Decree no. 231/2002 sets interest rates for late payments based on but greater than the statutory interest rates determined annually by the Minister for Economic Affairs and Finance.

11. On August 25, 2019, Respondent notified Petitioner that it was terminating the Agreement *ad nutum* (that is, with immediate effect).[1]

12. Section 16 of the Agreement provides for the arbitration of disputes:

> All disputes that may arise between the contracting parties in relation to this contract shall be referred to the decision of an Arbitration Board, in accordance with the rules of procedure of the Chamber of Arbitration of the Chamber of Commerce of Milan, which the parties expressly declare to know and accept, including with regard to the methods of designating the arbitrators. The arbitrators will decide on a formal basis, in compliance with the mandatory rules of the Italian Code of Civil Procedure.

13. On August 7, 2020, Petitioner initiated an arbitration in Milan, Italy before the Milan Chamber of Arbitration ("CAM") pursuant to Section 16 of the Agreement to recover the debt owed by Respondent. The Arbitration was conducted under Italian law in accordance with the CAM Arbitration Rules.

14. Angelo Busani, Mario Notari, and Andrea Carlevaris were appointed as arbitrators.

15. Respondent did not contest that it failed to perform under the Agreement by paying amounts due. Instead, it asserted various counterclaims against Petitioner that it claimed excused its failure to pay. It further alleged that Petitioner owed it various sums.

16. On April 8, 2022, the arbitrators entered an award in the Arbitration ("Award"). A true and correct copy of the Award is attached hereto as Exhibit C.[2]

---

[1] The Arbitration panel found that it had jurisdiction over and included in its Order claims relating to invoices issued after the date of termination of the Agreement. Award ¶¶ 153-162.
[2] The Award contains an Italian version immediately followed by an English version.

17. The arbitrators found Petitioner had proven its claim that Respondent was in default of its obligation to pay. Award ¶¶ 166-69, 279. The arbitrators disposed of Respondent's counterclaims, finding they had no merit and did not excuse or offset Respondent's payment obligation. *See, e.g.*, Award ¶¶ 170-228, 234-265, 279.

18. The Award ordered Respondent to pay EUR 1,133,302.01 to Petitioner, along with interest in accordance with Legislative Decree 231/2002 from the due date of the individual invoices to the date of payment. Award ¶¶ 226-279.

19. The Award has not been set aside or suspended by a competent authority of the country in which, or under the law of which, the Award was made.

20. As of the date of this Petition, Respondent has failed to comply with the award.

21. Pursuant to 9 U.S.C. § 207, Petitioner has brought this action within three years after the Award was made on April 8, 2022.

22. No grounds exist for this Court to refuse recognition and enforcement and recognition of the Award.

**COUNT ONE**
**(Confirmation and Enforcement of the Arbitration Award**
**under the FAA and New York Convention)**

23. Petitioner repeats and incorporates by reference every allegation contained in the previous paragraphs as though fully set forth herein.

24. The FAA provides that the "court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the [New York] Convention." 9 U.S.C. § 207.

4

25. None of the grounds available for refusal or deferral of recognition or enforcement of an award specified in the New York Convention are applicable to the Award. *See* New York Convention Article V.

26. Therefore, pursuant to 9 U.S.C. § 207, Petitioner requests that this Court confirm and enforce the Award and enter judgment in favor of Petitioner and against Respondent in the amount of the EUR 1,133,302.01 plus interest, in accordance with the Award.

27. Under the terms of the Award, Petitioner is entitled to interest in accordance with Legislative Decree 231/2002, running from the due date of each invoice until the date of payment of the awarded sums.

28. Under the terms of the Award, Petitioner is also entitled to the costs of the arbitration in addition to legal fees and other expenses in the amount of EUR 83,514.91. Award ¶¶ 266-78, 279.

29. For the foregoing reasons, the Court should issue an order recognizing and enforcing the Award.

WHEREFORE, Petitioner respectfully requests that this Court:

1. Issue an order pursuant to 9 U.S.C. § 207 confirming and enforcing the Award,

2. Enter judgment in favor of Petitioner and against Respondent in the amount of the Award, as well as interest, arbitration costs, and legal fees and expenses, as ordered by the Award, and

3. Award Petitioner such other and further relief as this Court deems just and proper.

| | |
|---|---|
| Date:  April 25, 2024 | Respectfully submitted,<br><br>FAEGRE DRINKER BIDDLE & REATH LLP<br><br>By: */s/ Brian P. Perryman*<br>Brian P. Perryman (VSB No. 66691)<br>1500 K Street, NW, Suite 1100<br>Washington, DC 200005<br>(202) 230-5000<br>brian.perryman@faegredrinker.com |